[No. 10,586.—In Bank.]
January 4, 1881.

## EX PARTE WILLIAM CLARKE.

CHANGE OF ATTORNEYS IN CRIMINAL CASES—APPEAL.—Sections 284 and 285, Code of Civil Procedure, have no application to criminal cases; a notice of appeal may be signed by any attorney of the Court authorized by the defendant.

APPLICATION for writ of *habeas corpus*.

*McKissick & Rankin*, for Plaintiff.

MORRISON, C. J.:

The petitioner has been brought before us on a writ of *habeas corpus*, and his petition for a discharge having been denied, he now applies for admission to bail. The application

is opposed on behalf of the people, on the ground that no appeal has been taken in the case.

The petitioner was tried and convicted in the Superior Court of Monterey County of the crime of libel. On the trial of the case, T. Beeman, Esq., appeared as counsel for defendant, and the notice of appeal is signed by Charles W. Quilby, Esq. It was admitted, on the hearing of this application, that the person by whom the notice of appeal was signed was an attorney of the Court, and was authorized by the defendant to take the appeal. It is claimed, however, that no change of attorney was made in conformity to Sections 284 and 285 of the Code of Civil Procedure, and therefore, it is argued that the notice of appeal should be disregarded.

In our opinion, the sections above referred to have no application to criminal cases, in which the defendant has a right to defend in person and with counsel. (Art. i., § 13, Const.)

Section 283 of the same Code provides that an attorney and counselor shall have authority "to bind his client in any of the steps of an action or proceeding, by his agreement filed with the Clerk or entered upon the minutes of the Court."

It will not be pretended for a moment, that this section has any application in a criminal case, for in all cases of felony the defendant must appear and plead in person. In our opinion, the notice of appeal was sufficient, and indeed, it was so treated by the District Attorney, who admitted service of a copy of it upon him.

The judgment in the case simply imposed a fine, and the petitioner is entitled to be admitted to bail as a matter of right. (P. C., § 1272.)

Let him be admitted to bail in the sum of one thousand dollars, the bail bond to be approved by the Judge of the Superior Court of Monterey County.

SHARPSTEIN, THORNTON, and MYRICK, JJ., concurred.