[Crim. No. 1697. Second Appellate District, Division Two.— August 27, 1928.]

THE PEOPLE, Respondent, v. MANUEL ROLDAN, Appellant.

Marshall A. Stutsman for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

THOMPSON (IRA F.), J.—The defendant was charged by an information containing two counts of two offenses of burglary, one of them said to have been committed on October 9, 1927, and the other on April 2, 1928. The jury returned a verdict of guilty on both counts and this appeal is prosecuted from the judgment and an order denying defendant's motion for a new trial.

The principal contention of the appellant is that the evidence is insufficient to support the verdict, necessitating a review thereof. F. E. Allison, a deputy city prosecutor of Los Angeles, occupied room No. 204 at the Alhambra Apartments during the month of October, 1927. Called as a witness, Mr. Allison testified to this fact and said that about 5 o'clock A. M. of a Sunday morning (the exact date being unknown) he was awakened by hearing his door leading into the hallway being shut; that his trousers containing about seventy dollars in money, some keys, and an officer's badge, were stolen at this time; that the badge which was shown him at the hearing and which, according to other witnesses, had been found in the possession of appellant, was his badge, he being able to identify it by reason of its number and a broken clasp. The owner and manager of the Alhambra Apartments testified that appellant was living in her apartment on

October 9, 1927, having registered there on September 11, 1927. Another witness testified that he was a clerk in a cigar-store at 100 South Broadway Street; that on the night of April 1, 1928, the appellant came to the store and told him that he had been working as an officer in the flood district and had been given the officer's badge; that the badge was hanging loosely on his vest, and when asked by the witness why he didn't clip it down, stated that the clip was broken. This witness also stated that the appellant at the time appeared to have been drinking. It will be noted that this explanation by appellant of the possession of the badge is directly contradictory of another made at the police station on the morning of April 2, 1928, and the one related by him on the witness-stand, to the effect that on the evening of April 1st or 2d he purchased a bottle of liquor and while in a rest-room pulling at the cork preparatory to taking a drink the bottle slipped from his fingers; that in picking it up he noticed the badge lying in some pieces of newspaper.

With respect to the second count, and incidentally related to the first by reason particularly of the use made of the badge by the appellant, one Hernandez, residing on April 2, 1928, at 612½ North Grand Avenue in Los Angeles, testified that between 4 and 5 A. M. appellant knocked at a screen door of his residence, demanding admission; that when the door was not opened the appellant broke in and began searching the premises. According to this witness, appellant exhibited this same badge and said that he was an officer and searched every room in the house "to see what he could find there"; and while knocking at the door had a pistol in his hand with which he knocked the witness over the head after forcing his entrance.

Another witness testified that appellant entered his room between 4:30 and 5 A. M. at 612½ North Grand Avenue on this same morning, exhibiting the badge and carrying a pistol in his belt, and told the witness that he was an officer looking for wine and beer. And Macario Romero, also residing at the same address, testified substantially to the same effect. As heretofore indicated, the appellant took the stand and denied having committed either offense.

Appellant insistently argues that the unexplained possession of the stolen police badge is insufficient, standing alone, to support the conviction. It is obvious that this argument stands upon a false premise for the reason that there is in this instance corroborating evidence. Not only is there evidence that appellant was a roomer in the hotel on the date on which the badge was stolen, which, of course, is of slight corroborative value, but also there are the contradictory statements concerning its possession by the appellant, and the use to which the badge was put on the morning of April 2d, which latter circumstance is not consistent with its innocent acquirement. We are not unmindful of the fact that the badge might easily pass from hand to hand, nor have we overlooked the lapse of time occurring between the date on which the badge was stolen and the date on which unlawful use was made of its possession. In the absence of any one of the corroborating circumstances already mentioned we might have grave doubts of the sufficiency of the testimony. As it stands, however, we are of the opinion that the jury was justified in returning the verdict. The firmly established rule of law is that ''when a person is found in possession of recently stolen property slight corroborative evidence of other inculpatory circumstances tending to show his guilt will support a conviction.'' (*People* v. *Cataline*, 54 Cal. App. 36 [200 Pac. 1060].) In the case just cited the possession of the stolen property was corroborated by a denial by defendant of his identity, a denial of his ability to run an automobile of the make of the one stolen, although an ignition key fitting the car was found in his possession, and a denial that he had placed the automobile in the garage in which it was found, although he was identified by the night watchman. When analyzed it is apparent that the corroborating circumstances consisted solely of denials of facts established by other testimony. Yet the court said the verdict was abundantly supported. To the same effect we find: *People* v. *Vidal*, 121 Cal. 221 [53 Pac. 558]; *People* v. *Luchetti*, 119 Cal. 501 [51 Pac. 707]; *People* v. *Gibson*, 16 Cal. App. 347 [116 Pac. 987]; *People* v. *Miller*, 45 Cal. App. 494 [188 Pac. 52]; *People* v. *Farrell*, 67 Cal. App. 128 [227 Pac. 210]; *People* v. *Crotty*, 70 Cal. App. 515 [233 Pac. 395]; *People* v. *Brown*, 71 Cal. App. 181 [235 Pac. 72].

With respect to the second count of the indictment it is urged that it was not proven that appellant entered the residence with intent to commit a felony or to commit larceny. The facts that appellant posed as an officer, broke through the screen, knocked one of the inmates over the head with a pistol and searched every room in the house, go a long way toward indicating an intent on the part of appellant to steal something—whether it was beer, wine, or whisky, as appellant argues, or something else, would make little difference in view of the provision in section 459 of the Penal Code stating that entering with "intent to commit grand or petit larceny or any felony" is sufficient.

■ Counsel complains of two instructions requested by him which the court refused to give. Suffice it to say that the substance of these instructions was fully covered by the court in other instructions except in those particulars where appellant requested the court to inform the jury that before appellant could be convicted of burglary it was necessary that the prosecution prove that he entered the premises with "the sole intent of committing a felony"—and as just indicated, this is not the statutory definition of burglary, which to all intents and purposes was incorporated in the instructions given.

Other minor points are argued by appellant. We have examined them and find nothing which merits or justifies further discussion.

Judgment and order affirmed.

Craig, Acting P. J., and Hazlett, J., *pro tem.*, concurred.