[Crim. No. 1727. Second Appellate District, Division One.—November 15, 1928.]

THE PEOPLE, Respondent, v. GILBERT PARRA et al., Appellants.

H. M. Dalton for Appellants.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and Warner I. Praul for Respondent.

YORK, J.—The defendants appealing, Gilbert Parra and Frank Olazabel, were tried and found guilty of violation of section 146 of the California Vehicle Act as charged in an information filed by the district attorney of Los Angeles County, but were acquitted of the charge of grand theft, also therein contained. There were two others charged in the same information, who were both found not guilty of the charge of grand theft, but one of whom (Joe Young) plead guilty and the other (Villarreal) was found guilty of violating section 146 of the Vehicle Act. (Stats. 1923, p. 517.)

The first contention of appellants is that it was prejudicial error for the court to admit testimony as to certain things which occurred after the car had been abandoned by all of the defendants, particularly objecting to the testimony of a police officer. However, this evidence came out only by way of rebuttal to the testimony of the appealing defendants that they went directly to their home and that neither of them accompanied the others to the place where the machine was finally abandoned, or where the other defendants got into an altercation with parties not connected with the suit.

As to the second objection, that the evidence was insufficient to support the verdict as to appellants, an examination of the entire transcript discloses there was sufficient

circumstantial, if not direct, evidence to show that the defendants were guilty of violating at least that part of section 146 of the Vehicle Act as follows:

"Any person who assists, or is a party or accessory to or an accomplice in, any such stealing, or unauthorized taking or driving, shall also be deemed guilty of a felony."

The judgments against the defendants Gilbert Parra and Frank Olazabel, respectively, are hereby affirmed.

Conrey, P. J., and Houser, J., concurred.