[Crim. No. 2445.  Second Appellate District,. Division Two.—November 7, 1933.]

THE PEOPLE, Respondent, v. WILLIAM ZABRISKI et al., Defendants; ANTHONY MIKLAUSCHUTZ, Appellant.

Theo. Gottsdanker for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

ARCHBALD, J., *pro tem.* — Defendants were jointly charged by information with grand theft, in count I thereof, and a violation of section 146 of the California Vehicle Act, in count II. Both counts involved the taking of an automobile alleged to belong to one Julius Sloto. Zabriski pleaded guilty to count II, and Miklauschutz was tried before a jury which returned verdicts of not guilty as to count I and guilty as to count II. From the judgment entered on such verdict of guilty defendant Miklauschutz has appealed.

It is urged: (1) that the evidence does not support the verdict; (2) that a material variance exists between the

allegations of ownership of the automobile taken and the proof.

(1) The evidence shows that the automobile in question was taken from the driveway of its owner, in which it was parked, some time after 8 P. M. of May 2, 1933; that at about 6 A. M. of the next morning the witness Morgan saw the same car being driven at a reckless and excessive speed; that the machine swerved and crashed into two cars parked at the side of the street, and that immediately afterwards Zabriski got out of the car and began to run, followed by appellant about half a minute later. Morgan followed and caught appellant, throwing him to the ground, where they struggled together until two officers arrived and took the latter into custody. Zabriski was later found and arrested. Morgan told the officers that appellant had "hit a couple of automobiles", to which appellant replied, "It ain't so, I never done anything; I haven't even been in or near a car". The witness Wallior testified that he heard the crash and immediately went to the spot; that Zabriski got out one side of the car and started to go across the street "at a fast gait," and that "it took him (appellant) a few seconds to slide over under the steering wheel and get out," at which time appellant "started to cross the street, too"; that he asked where they were going and appellant replied that "they were just leaving." The witness then, according to his testimony, informed the men that "they could not go; they wrecked some cars and had to stay there," to which appellant replied that he was not in the car and did not know Zabriski. The latter also denied being in the wreck. Thereupon Wallior called to a man near by to "call a policeman," and when he looked around both defendants "must have run, because . . . they were both gone up the street, up the block."

The testimony of appellant is to the effect that he met Zabriski at about 2 P. M. of the day the car was taken and that they were around drinking together the rest of the afternoon and evening; that while on the way home Zabriski said he would get a car, and that he left appellant sitting on a curb and was gone a little while, coming back with the car; that he was under the influence of liquor and supposed Zabriski had borrowed the machine. The arresting officers testified that both men had been drinking but were

not drunk; that Zabriski told them he did not get the car, was not in it, had never seen it before and did not know appellant. While one of the officers was interrogating Zabriski, appellant, according to the testimony of the officer, who was in the front seat of the officers' car, turned around and "told Zabriski not to talk to us; that after he had been in as much trouble as he (appellant) had been he learned not to talk to the police."

■ While the possession of stolen property alone is not sufficient to raise an inference of guilt, such possession under the circumstances shown here, coupled with the denials of both parties that they knew each other or had been in the car, and their flight from the car, sufficiently justified the conclusion of guilt reached by the jury. ■ False statements intended to conceal connection with criminal acts tend to show consciousness of guilt (*People* v. *Cole,* 141 Cal. 88 [74 Pac. 547]), as also does flight (*People* v. *Hall,* 199 Cal. 451 [249 Pac. 859]).

■ Appellant urges that the testimony of Zabriski that he alone stole the car should have controlled the conclusion of the jury. Such testimony but made a conflict which it was the function of the jury to determine, and in view of Zabriski's previous denial of such fact and the other evidence in the case, the jurors evidently placed little reliance thereon.

■ (2) One of the arresting officers testified that the certificate of registration in the stolen car was "to the Seaside Oil Company, I think, of Ventura." The positive testimony of Mr. Sloto was that he was the owner of the car. Regardless, however, of the question of ownership, it was sufficient to show, as the evidence in this case does, that appellant was not the owner (*People* v. *Larrabee,* 113 Cal. App. 745 [299 Pac. 85]), and there certainly is nothing in the variance mentioned which could in any way have prejudiced him.

Judgment affirmed.

Stephens, P. J., and Craig, J., concurred.