[Crim. No. 2761.   Second Appellate District, Division One.—November 1, 1935.]

THE PEOPLE, Respondent, v. HAROLD HEAD, Appellant.

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

YORK, J.— The first point raised by appellant that "There is no such offense as conspiracy to commit the crimes of Burglary and Grand Theft", is fully answered by the decision in the case of *People* v. *Welch*, 89 Cal. App. 18 [264 Pac. 324].

■ The second point that "The proof is insufficient to establish conspiracy", is fully met by the evidence from which the court could draw no other conclusion than that the defendants went together into at least two different churches, and that almost the same thing happened in each of three instances. In the light of all the evidence before the court, the only reasonable conclusion that could be drawn was that the two defendants planned to do the things they did do before entering the two different churches.

■ The third point is that "The offense of conspiracy, if committed, was merged with the completed offense. Accused could not be convicted of both the offense and the conspiracy which ended in the offense." This question is answered by the decision in the case of *People* v. *Eiseman,* 78 Cal. App. 223, 250 [248 Pac. 716].

■ Point four is stated by appellant as follows: "The offense of burglary was not committed. (A) There was no proof of any intent. (B) One who enters a church where the public is invited and after services attempts to commit larceny from the person of another invited guest is not guilty of burglary." The facts in evidence were similar in each offense charged, i. e., the picking up of a purse of the person in front of defendants, when the owner of the purse was kneeling in prayer. These facts and the conduct of defendants, as shown, taken as a whole, fully answer subdivisions (A) and (B) of this contention. ■ A person is presumed to intend to do the things which he does, and especially so when they are done in the commission of a crime, excepting where intent must be proved as a necessary element. The public is invited by a church for the purpose of participating in the services, but it certainly cannot be contended that the public is invited there to commit a crime. The entry into a building for the purpose of committing a crime can be proved by the acts, conduct and circumstances connected with the offense charged. The evidence is almost conclusive that the entry was made into the church in each instance for the purpose of committing the crime of theft.

■ The fifth point made by appellant is that "The judgment is void because the defendant was denied his constitutional right to be represented by counsel of his choice." The argument in support of this contention, if fundamentally

650

sound, would mean that at least every five minutes during the trial of a case, a defendant could change his counsel. Counsel for appellant probably did not mean exactly what was said, but that is exactly what the argument amounts to. The right to change counsel at any time is a right that is to be reasonably exercised, and there is nothing in the record before us which shows any prejudice to the appellant by the refusal of the court to allow a substitution of attorneys, especially in view of the fact that no reason whatsoever for such substitution is stated in this appeal. The record shows that the appellant was represented by counsel at all stages of the proceeding against him up to the time of the hearing on his application for probation and pronouncement of judgment and sentence. Appellant makes no complaint with reference to a denial of his application for probation or pronouncement of sentence, and he has shown nothing in his brief by which it could be imagined that he had suffered any injury by reason of the refusal of the trial judge to grant the oral motion for substitution of attorneys made by counsel for appellant. (*Ex parte Clarke,* 62 Cal. 490.)

A careful scanning of the brief record before us shows no error whatever. As the evidence introduced was amply sufficient to support the judgment, the judgment is affirmed.

Houser, P. J., concurred.