[Crim. No. 193.  Fourth Appellate District.—June 15, 1936.]

THE PEOPLE, Respondent, v. ALFRED VALDEZ, Appellant.

W. C. Dorris and R. W. Henderson for Appellant.

U. S. Webb, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

MARKS, J.—This is an appeal from a judgment pronounced upon Alfred Valdez after a jury had found him guilty of violating section 503 of the California Vehicle Code by taking and driving an automobile belonging to Albert Chicca without the consent of the owner and with the intent to permanently or temporarily deprive him of his title to or possession of the vehicle.

The sole question presented on this appeal is the sufficiency of the evidence to support the verdict and judgment. Defendant divides his argument into two phases: First, that as he was found sitting in the car and no one saw him take or drive it, the conviction cannot be sustained as mere possession is not sufficient to sustain the conviction, and, second,

that he was too intoxicated to entertain any specific intent to deprive the owner of possession of or title to the car.

The evidence shows that Albert Chicca parked his automobile in front of the Tivoli Cafe in East Bakersfield at about 7:30 o'clock on the evening of January 11, 1936, and entered the cafe; that about fifteen minutes later he heard the engine start, went outside and found the car gone; that about 12:50 o'clock the next morning two police officers found the car parked on a street in Bakersfield about one mile from the place from which it had been taken; that defendant was sitting behind the steering wheel; that the ignition was on but the engine was not running; that the radiator was warm; that defendant had "had quite a bit to drink" but "he walked all right"; that the officers had passed near the spot where defendant was found sitting in the car nine times before finding it and that on none of those times was it there; that the last time they passed before finding the car was not more than two minutes before discovering it.

The evidence and the reasonable inferences to be drawn from it are sufficient to support the judgment. The finding of defendant sitting at the steering wheel of the recently driven car, which two minutes before had not been at the place where it was discovered by the police officers, coupled with the fact that it had been driven from its parking place a mile away without the knowledge or consent of the owner, is sufficient to support the implied finding of the jury that it was taken and driven by defendant. (*People* v. *Roldan,* 93 Cal. App. 677 [270 Pac. 253]; *People* v. *Zabriski,* 135 Cal. App. 169 [26 Pac. (2d) 511].) Under the evidence before us the implied finding of the jury on the degree of intoxication of defendant cannot be disturbed here.

Judgment affirmed.

Barnard, P. J., and Turrentine, J., *pro tem.,* concurred.