[Crim. No. 2499.  First Dist., Div. Two.  Mar. 23, 1948.]

THE PEOPLE, Respondent, v. AUGUST RAGONE et al., Appellants.

Leslie C. Gillen for Appellants.

Fred N. Howser, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

OGDEN, J. pro tem.—Appellants were jointly charged and tried before a jury upon three counts, violation of section 503 of the Vehicle Code, grand theft of an automobile and conspiracy to commit burglary. They were acquitted of grand theft but were convicted upon each of the other two counts. They join in this appeal from the judgment of conviction.

In the early morning hours, about 3:30 a. m., three police officers were cruising in a police automobile along Van Ness Avenue in San Francisco. Their attention was attracted to an automobile parked at the curb in front of a restaurant just south of the intersection of Geary Street. Both appellants were observed to get out of the automobile and, leaving its door next to the curb open, walk diagonally across the sidewalk toward the door of the restaurant. At the approach of the officers, appellants dropped an object which they had been carrying between them and separated, starting to walk away in opposite directions, but were immediately taken into custody. At the point where the object appellants had been carrying fell to the sidewalk, making as it did so a metallic like sound, the officers found a pair of bolt cutters. Sanchez was wearing gloves and Ragone held one glove in his hand which he dropped to the sidewalk when apprehended. The mate to this glove was later found on the back seat of the parked automobile. The restaurant was closed for the night and the door which appellants had been approaching was padlocked. The interior was unlighted except for one light directly over a safe which was about 5 feet within and visible through the front window. An examination of the automobile revealed that its motor was running, there was no key in the ignition lock, the electrical connection being made by means of "jump wire" attached to the coil and the starter. The left front vent window was broken and showed evidence of having been pried open. The back rest of the right front seat had been removed. In the glove compartment was found a fully loaded .45 calibre automatic pistol and on the floor of the automobile were found a sledge hammer, two crowbars and a valve stem. The record discloses that this automobile had been taken without the permission of its owner some time after 6:30 p. m. of the preceding evening when it had been locked and parked in front of his home. When last seen by its owner it had not been in the condition described nor did it contain the pistol or tools referred to.

At the trial, Sanchez did not take the witness stand. Ragone testified that he and Sanchez were on their way home by streetcar from the beach where the automobile which they had been driving had broken down and that at the time of their arrest they were about to enter a hotel adjacent to the restaurant for the purpose of telephoning to his brother to pick them up. He denied any connection on the part of himself or Sanchez with the stolen automobile or that either had been in it. On cross-examination many discrepancies between his testimony and previous statement given to the police as to his activities on the night of his arrest were developed. His explanation for admittedly not telling the police the truth was "because I was all disgusted and I didn't care what I told him."

■ Appellants' contention that the evidence is insufficient to support a conviction of violation of section 503 of the Vehicle Code is apparently based upon the absence of direct evidence of the taking or operation of the vehicle. The asportation, as any other fact, may be proven by circumstantial as well as direct evidence. (*People* v. *Parra,* 94 Cal. App. 777 [271 P. 1103] ; *People* v. *Zabriski,* 135 Cal. App. 169 [26 P.2d 511] ; *People* v. *Valdez,* 14 Cal.App.2d 580 [58 P.2d 656] ; *People* v. *Dixon,* 16 Cal.App.2d 56 [60 P.2d 140].) "The right to draw proper inferences from the evidence is a function of the jury; and as long as its conclusions do not do violence to reason, an appellate court is not permitted to substitute its finding of the ultimate fact for that reached by the constitutional as well as the statutory arbiter thereof. Circumstantial evidence may be as convincing in its force and as conclusive as the testimony of witnesses to an overt act." (*People* v. *Latona,* 2 Cal.2d 714 [43 P.2d 260].)

The case of *People* v. *Flores,* 58 Cal.App.2d 764 [137 P.2d 767], strongly relied upon by appellants, has no application to the factual situation here. In that case, the only evidence presented to connect the defendant with the taking of the automobile was that showing the presence of his fingerprints on the rear-view mirror. Such evidence was held to be insufficient since it tended to prove nothing more than that the defendant had been in the automobile, a fact which he readily admitted with a reasonable explanation of the innocent circumstances thereof.

■ Here the fact of the possession of the automobile by appellants was amply supported by the evidence. Officer

Corrasa testified that he saw the door of the automobile open and saw both appellants get out of it. One of the gloves of Ragone was found on the back seat. The officers testified that there were no other persons in the vicinity. The motor was left running. From the circumstances of that possession the inference is strong that it originated in the unlawful taking and driving away of the automobile by the same persons in whose possession it was found.

■ The contention that the evidence is insufficient to support a conviction of conspiracy to commit burglary is equally without merit. A conspiracy to commit burglary may likewise be established by circumstantial evidence (*People* v. *Gonzales*, 20 Cal.2d 165 [124 P.2d 44] ; *People* v. *Bucchierre*, 57 Cal.App.2d 153 [134 P.2d 505] ; *People* v. *Duran*, 57 Cal.App. 2d 363 [134 P.2d 305]). Both the intent to commit burglary and the conspiracy to do so may be gathered from the circumstances by inference (*People* v. *Head*, 9 Cal.App.2d 647 [50 P.2d 832] ; *People* v. *Eiseman*, 78 Cal.App. 223 [248 P. 716]).

Two overt acts were charged, the possession of a set of burglar tools and the act of walking from the automobile in the direction of the restaurant carrying a pair of bolt cutters. It is true as argued by appellants that one may innocently walk in the direction of a restaurant, may innocently carry bolt cutters and may innocently possess crowbars and a sledge hammer. ■ But it is not essential that any of the acts relied upon in support of a charge of conspiracy be an act amounting to a criminal attempt or one unlawful in itself. An act, which may be otherwise lawful, completes the crime of conspiracy when it is done for the purpose of effecting the object of the unlawful agreement (*People* v. *Beck*, 60 Cal.App. 417 [213 P. 61] ; *People* v. *Rodriguez*, 61 Cal.App. 69 [214 P. 452] ; *People* v. *George*, 74 Cal.App. 440 [241 P. 97]).

■ That the acts charged were, under the circumstances of their commission, done for the purpose of accomplishing a preconceived plan to commit burglary is not only a reasonable inference but is the only logical one that could be drawn. That the pair of bolt cutters was the object which appellants had been carrying and which they dropped to the sidewalk, there can be no room for doubt in view of the testimony of the police officers. That the tools found in the automobile were in the possession of appellants is established from their possession of the automobile and a showing that they were not in the car when it was taken from the possession of its owner.

██ An instruction requested by appellants relating to section 499 (b) of the Penal Code was properly refused as inapplicable. This section, sometimes referred to as the "joyride statute," makes punishable as a misdemeanor the taking of an automobile or other vehicle without the permission of the owner for the purpose of temporarily using or operating the same. Appellants premise their assertion of error in this regard upon the assumption that the offense denounced in the Penal Code section is necessarily included in that defined in section 503 of the Vehicle Code. It is not necessary to here decide whether such assumption is correct and we refrain from doing so since, under the facts of this case, the requested instruction was clearly inapplicable in either event. ██ The general rule is that it is not error to omit or refuse to instruct the jury of their right to convict of lesser offenses included in that charged when the evidence shows, or tends to show, that the defendant, if guilty at all, is guilty of the offense charged. (See 8 Cal.Jur. 378 and authorities cited.) ██ The circumstances of the taking of the automobile permit of no other inference than that of an intent to deprive its owner of his possession, at least temporarily. If the jury found, as it did, that appellants took the automobile, their intent to deprive the owner of his possession is so clear as to leave no room, under the facts, for an instruction on Penal Code, section 499 (b).

██ The automatic pistol found in the glove compartment of the automobile was properly received in evidence. What has heretofore been said as to the sufficiency of the evidence to support the implied finding that the automobile and its contents were in the possession of appellants is a complete answer to their assertion of error in such ruling.

Complaint is made of the failure of the trial court to rule upon an objection to a question propounded to a witness for the prosecution. The record discloses no prejudice resulting therefrom however, since that portion of the question which was subject to the objection was not answered and the answer given was both competent and relevant.

The judgment of conviction upon both counts is affirmed as to both appellants.

Nourse, P. J., and Dooling, J., concurred.