[Crim. No. 2649.   Third Dist.   Oct. 25, 1956.]

THE PEOPLE, Respondent, v. CHRIS COSTA, Appellant.

Chris Costa, in pro. per., and C. K. Curtright, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and J. M. Sanderson, Deputy Attorneys General, for Respondent.

VAN DYKE, P. J.—This is an appeal from an order denying a motion for a new trial and from a judgment entered upon the jury's verdict which found appellant guilty of robbery in the second degree.

After appellant filed his opening brief in propria persona, this court upon his application appointed an experienced and able member of the Bar to represent him on appeal. Counsel so appointed thereafter advised appellant and this court that a thorough examination of the record and a research of the law in relation to the facts disclosed no meritorious grounds of appeal. Upon appellant's request counsel

so appointed was relieved of his assignment, and appellant was permitted to file a closing brief.

After reviewing the entire record and considering the contentions made by appellant, we are in complete agreement with counsel's conclusion that there is no meritorious ground of appeal in this case.

Appellant was arrested shortly after a passerby saw him fleeing from the scene of the robbery. At that time and at his trial he was positively identified by the victim as the person who forcibly took from his person a wallet which contained $16.44. The evidence need not be detailed, as appellant concedes that it is sufficient to support the jury's finding that he was guilty of the crime charged. His contentions are that he was denied his constitutional rights and deprived of a fair and impartial trial due to errors of the trial court and prejudicial misconduct of the district attorney. These contentions cannot be sustained.

At all stages of the proceedings appellant was represented by counsel whom he had selected and retained. However, he claims that he was denied the right to counsel of his choice by reason of the fact that the trial court refused a request for a continuance to enable appellant to make a substitution of attorneys. The request was made at the outset of the trial, and the granting or denial thereof rested within the discretion of the trial court. In the absence of a showing of prejudice, and he makes none, the ruling complained of cannot serve as the basis for reversal of the judgment. (*People* v. *Shaw*, 46 Cal.App.2d 768, 773-775 [117 P.2d 34].) It appears that appellant prior to the time of trial had made one substitution of attorneys. In *People* v. *Head*, 9 Cal.App. 2d 647, 650 [50 P.2d 832], it was stated:

". . . The right to change counsel at any time is a right that is to be reasonably exercised, and there is nothing in the record before us which shows any prejudice to the appellant by the refusal of the court to allow a substitution of attorneys, . . ."

Appellant asserts that the district attorney was guilty of prejudicial misconduct in that during argument he mentioned articles which had not themselves been received in evidence. It appears that witnesses had testified to the possession of these same articles at the time and at the scene of the robbery. Therefore, the prosecuting attorney was entitled to mention them in argument. Appellant also assigns as misconduct the district attorney's commenting

upon his failure to testify. Such comment was proper. (*People* v. *Sutic*, 41 Cal.2d 483, 496-497 [261 P.2d 241].)

During argument the district attorney referred to the defendant as a ''raffish cur'' with the ''courage of a jackal.'' Such argument indicates a lack of confidence in the strength of the cause being argued and in the intelligence of the jurors to whom the argument is addressed. We do not condone it, but we think that prejudice cannot be ascribed to the prosecuting attorney's misconduct, basing our ruling on the strength of the evidence of appellant's guilt and a higher respect for the intelligence of the jurors than the prosecuting attorney apparently had.

Appellant assigns as error a number of rulings overruling objections to evidence and also claims misinstruction of the jury. It is unnecessary to discuss these assignments in detail. It is sufficient to say that they are not borne out by the record.

The judgment and the order appealed from are affirmed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied November 5, 1956, and appellant's petition for a hearing by the Supreme Court was denied November 23, 1956.