[Crim. No. 2735. Third Dist. July 8, 1957.]

THE PEOPLE, Respondent, v. YOUNG McKINNEY, Appellant.

*Assigned by Chairman of Judicial Council.

Young McKinney, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and Lloyd Hinkelman, Deputy Attorneys General, for Respondent.

VAN DYKE, P. J.—The defendant, Young McKinney, appeals in propria persona from a judgment of conviction of first degree robbery entered upon a jury's verdict. He claims that the evidence was insufficient to warrant a conviction "if the jury had not been prejudiced by the prosecution and by the attitude of the court." Defendant contends that the testimony of the complaining witness at the preliminary examination was inconsistent with his testimony at the trial and that his trial testimony was not credible; that defendant was not properly represented by counsel; that the trial court erred in (1) refusing to answer two questions asked by him personally, (2) denying at the outset of the trial his motion for a continuance to enable him to submit to a lie detector test, (3) admitting over the objection of his counsel evidence of prior convictions of felonies, and (4) not giving an instruction concerning the accuracy of the preliminary transcript. He complains generally of misconduct of the prosecuting attorney in questioning witnesses.

Byron Horne testified as follows: About 10:30 or 11 p.m. on May 5, 1956, as he was alighting from his car which he had parked in the vicinity of 6th and M Streets in the city of Sacramento, the defendant, Young McKinney, approached and asked him if he "wanted a girl." They bargained over the price and when defendant said $5, Horne said, "All right." They got into Horne's car and drove to the corner of 4th and N Streets. Defendant had requested liquor and after Horne parked the car, they entered a nearby liquor store where defendant saw Horne buy a half pint of gin with a $20 bill. During the following 15 or 20 minutes defendant drank most of the gin. After making the purchase they walked to an apartment or rooming house at 6th and N Streets where defendant told Horne to give him the money for the girl. Horne refused and started walking toward his car. Defendant followed him for about a block and then told him to stop. Upon turning around Horne was confronted by defendant with an open pocket knife which defendant held at his groin. Defendant told him not to try to run or make a move or he would "spill" his "guts." Defendant took Horne's watch, approximately $19 from Horne's wallet, the change from his pockets and his cigarette lighter and then returned his empty wallet and watch and told him to go on down the street. Fifteen or 20 minutes later Horne saw the defendant entering a hotel at 5th and N Streets and contacted two police officers whom he accompanied to the hotel. He

remained in the police car. The two officers testified they went up to a room occupied by the defendant, arrested him, took $13.04 and a pocket knife from his person and a coat hanging on an open door and a hat from the bed. One of the officers then accompanied Horne to this room and, as Horne testified, he then identified the defendant as the person who had robbed him. At the trial Horne again identified defendant and identified the knife, the coat and the hat as those used or worn by defendant during the robbery. A scar on defendant's left cheek was used by Horne as a distinguishing mark in identifying defendant.

The morning after the robbery Horne found his cigarette lighter at the scene in a paper bag similar to the one which was used to carry the gin.

Defendant testified that on that particular night he went for a ride with two or three other persons at 9:30 or 10 p.m. and returned to his room about 10:45 p.m. and was there at least half an hour when the officers arrived.

Defendant's conviction of first degree robbery is sustained by the evidence. (Code Civ. Proc., § 1844; *People* v. *McNeal,* 123 Cal.App.2d 222 [266 P.2d 529].) ■ A reviewing court may not reappraise the credibility of witnesses and reweigh evidence. (*People* v. *De Paula,* 43 Cal.2d 643, 649 [276 P.2d 600].) Claimed inconsistencies in the testimony of witnesses are matters which should be directed to the attention of the trier of fact, and they cannot be urged on appeal. (*People* v. *Mercer,* 103 Cal.App.2d 462 [229 P.2d 411].)

Defendant requests that the record be supplemented with certain paycheck stubs to show lack of motive and also by including the preliminary transcript. During the trial reference to the preliminary transcript was made by counsel for the purpose of impeachment to show prior inconsistent statements made by witnesses. These specific references are reported in the reporter's transcript. ■ However, neither the check stubs nor preliminary transcript was made part of the record in the trial court and, therefore, may not be considered by this court. (*People* v. *Gormley,* 64 Cal.App.2d 336, 338 [148 P.2d 687]; see, also, 4 Cal.Jur.2d 283, § 457.) ■ Defendant cannot supplement the record by means of his request to produce additional evidence on appeal. In *People* v. *Carmen,* 43 Cal.2d 342, 349 [273 P.2d 521], it is said: ". . . Section 4¾ of article VI of the Constitution and section 956a of the Code of Civil Procedure permit receipt of additional evidence on appeal only where trial by jury is not

a matter of right or has been waived, and it has been definitely held that an application such as that made by the defendant must be denied where, as here, a jury trial was not waived.''

■ Granting or denying defendant's request at the outset of the trial for a continuance to enable him to submit to a lie detector test rested within the discretion of the trial court, and in the absence of a showing of prejudice a denial of such request cannot serve as the basis for reversal of a judgment of conviction. (*People* v. *Costa*, 145 Cal.App.2d 445, 446 [302 P.2d 634].) ■ On June 22, 1956, defendant, represented by the public defender, was arraigned on an information charging first degree robbery and entered his plea of not guilty and the matter was continued upon stipulation of the parties until June 29th. On that date the court set the matter for trial on July 25th. On July 13th Mr. Ralph Drayton was substituted as counsel for defendant. At the outset of the trial defendant's counsel requested the continuance. There is nothing in the record to show that defendant suffered any prejudice by the court's denial thereof.

■ During defendant's examination the court refused his request to ask two questions personally. This was not error. Defendant was represented by counsel and usually, and properly, counsel should conduct the trial. (*People* v. *Northcott*, 209 Cal. 639, 648-650 [289 P. 634, 70 A.L.R. 806].)

■ Defendant's other claim that the court erred prejudicially in refusing requests made by him and that he was not properly represented by counsel are untenable since they are based on facts outside the record. In his closing brief defendant complains that his attorney prejudiced the jury by an abusive attitude toward the People's witness in referring to his race. He contends also that his counsel erred by failing to move for a new trial. The record discloses no point in respect to which defendant's counsel caused him to suffer prejudice. The record also discloses that defendant was ably represented by counsel and fails to show that during the trial he was dissatisfied with his attorney or that he desired to defend himself.

■ There was no error in the trial court's permitting the prosecuting attorney over objection to cross-examine defendant concerning his felony convictions. The following was stated in *People* v. *Williams*, 27 Cal.2d 220, 228 [163 P.2d 692]:

''. . . In this state the testimony of a witness may be impeached by proof that he has suffered the prior conviction of

a felony. (Code Civ. Proc., § 2051.) This rule applies to a defendant who testifies in his own behalf in a criminal trial despite the fact that such evidence may tend to prejudice him in the eyes of the jury. [Citations.]''

The record does not disclose any conduct of the prosecuting attorney which would prejudice defendant. The assertion of misconduct of the prosecuting attorney in asking questions on cross-examination not within the scope of direct examination and in making an objection during closing argument that the preliminary transcript was not correct is without merit.

There is nothing shown in the attitude of the court to warrant the feeling that defendant was prejudiced or prevented from having a fair and impartial trial by the action of the trial judge. Appellant has prosecuted his appeal in propria persona and his briefs show his lack of knowledge of issues that may be presented on appeal. We have carefully considered the whole record and find no error.

The judgment is affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

A petition for a rehearing was denied August 5, 1957, and appellant's petition for a hearing by the Supreme Court was denied September 6, 1957.

---

*Assigned by Chairman of Judicial Council.