[Crim. No. 5878.    Second Dist., Div. Three.    Aug. 19, 1957.]

THE PEOPLE, Respondent, v. GILBERT HAYES, Appellant.

James S. Fitzpatrick for Appellant.

Edmund G. Brown, Attorney General, and Morris Schachter, Deputy Attorney General, for Respondent.

VALLÉE, J.—In a nonjury trial defendant was convicted of a violation of section 503 of the Vehicle Code—taking a vehicle not his own, without the consent of the owner, with intent to either permanently or temporarily deprive the owner of possession, whether with or without intent to steal the same. He appeals from the judgment and from a nonexistent order denying a motion for a new trial. His only point is that the evidence is insufficient to support the judgment. He argues there was no evidence of an intent to deprive the owner of possession.

█ Arthur Gonzales owned a 1949 Chevrolet. On August 24, 1956, at 1:15 a. m. he parked it in front of his home. When he went out of his house at 6:30 that morning the car was not there. He had not given anyone permission to take it. The next time he saw his automobile was on September 12, 1956. It had been in an accident and was a total loss.

About 7:30 a. m. on September 8, 1956, an ambulance attendant for the Los Angeles Receiving Hospital went to 2531 Chelsea Street. An automobile had been involved in an accident. When he arrived defendant was lying injured beside the automobile. No one else appeared to have been injured. Defendant was taken to the receiving hospital. Shortly after the accident Officer Lindsay made an investigation. He found the automobile belonged to Arthur Gonzales. The license plates had been changed. Officer Lindsay attempted to talk to defendant at the hospital. Defendant would not say anything. Later that morning at the police building defendant told Officer Lindsay he had borrowed the automobile from a man named Gonzales about 8 p. m. the evening before and that he did not remember being in an accident. Clarence Sanders operated a garage. Defendant worked for him from time to time. In the early part of September 1956 Sanders saw defendant driving Arthur Gonzales' automobile on one or two occasions.

Defendant testified: He did not remember being in the hospital or in the accident. He had no knowledge of the Gonzales automobile or of having driven it. He did not take it. He did not know Gonzales. He had no recollection of talking to Officer Lindsay. At the time of the accident he was sitting in a Ford belonging to a man named Johnson. He had been drinking. He went to sleep in the Ford about 2:30 a. m. on September 8, 1956 and the next thing he remembers he was in jail. He had been injured. He had been convicted of three felonies.

Reasonable inferences from the evidence are that defendant took the Gonzales automobile; Gonzales did not consent to the taking; defendant changed the license plates; he drove the car prior to the accident; he was driving it at the time of the accident; he was driving it without the consent of Gonzales; and he intended to either permanently or temporarily deprive Gonzales of possession. These facts establish a violation of Vehicle Code, section 503. Under section 503 the offense is committed when the taking or driving of the vehicle is accompanied by a lack of consent from the owner and an intent to either permanently or temporarily deprive the owner of his title to or possession of the vehicle. ▮ The question of intent is for the trier of fact and may be inferred from the facts and circumstances of the particular case. (*People* v. *Neal*, 40 Cal.App.2d 115, 117 [104 P.2d 555]; *People* v. *Ragone*, 84 Cal.App.2d 476, 479-480 [191 P.2d 126].) The evidence is sufficient to support the judgment.

The appeal from the nonexistent order denying a motion for a new trial is dismissed. The judgment is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.