HOBSON, Justice.
This matter arises upon petition for habeas corpus. Petitioner, convicted of breaking and entering and of grand larceny, claims that he was denied the right to counsel of his own choice and that he was not allowed a reasonable time to consult such counsel. It appears, however, that petitioner had engaged a law firm to defend him, that there was no agreement that he would be defended by a particular member of the firm, and that he did not contend that he wanted to be represented by a member of the firm other than the one who was defending him until his- trial was well under way. Moreover, petitioner raised this same point in appealing his conviction to this court, and the matter is foreclosed against him by our affirmance of the conviction in Fernandez v. State, Fla., 83 So.2d 781. See also Smith v. U. S., 53 App.D.C. 53, 288 F. 259; People v. Head, 9 Cal.App.2d 647, 50 P.2d 832; and 23 C.J. S. Criminal Law § 979 page 318. Finally, petitioner has not shown that his defense *488 was not ably conducted by counsel who defended him, and accordingly no prejudice whatever to his rights has been shown.
The writ heretofore issued must be, and it is hereby, quashed and the petitioner must be remanded to the appropriate authorities. It is so ordered.
TERRELL, C. J., and THOMAS, .DREW and O’CONNELL, TT., concur.