[Crim. No. 16949. Second Dist., Div. Four. July 14, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHNNY RAY WILLIAMS, Defendant and Appellant.

## COUNSEL

David F. Aberson, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Pierpont M. Laidley and Frederick R. Millar, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**FILES, P. J.**—Defendant was charged with possession of marijuana in violation of section 11530 of the Health and Safety Code. He moved under section 1538.5 to suppress the evidence but withdrew that motion on the stipulation that the issue could be presented at the trial. Trial by jury was waived, defendant stipulated that a commissioner could sit as judge pro tempore, and following the trial defendant was found guilty as charged.

Proceedings were suspended and defendant was granted probation for three years on condition that he spend the first 90 days in the county jail. The court determined that the time defendant had already served would count toward the 90 days and since he had already been in custody more than 90 days he was forthwith released.

Defendant appeals from "the judgment and order granting probation." The latter is the judgment for purposes of appeal.

At approximately 2:30 a.m. on November 7, 1967, officers of the Los Angeles Police Department observed the vehicle in which defendant was

riding as a passenger fail to stop at a stop sign, and halted the car to issue a citation. One of the officers asked the driver for a registration, but none was presented. There was no identification in the vehicle. A record check disclosed that the license plate on the car had been issued to a vehicle which had been stolen. The officers then arrested both occupants and took them to the station.

While defendant was being booked he was "skin searched," a routine booking procedure requiring the arrestee to remove all of his clothing. As defendant unbuckled his trousers a wax paper bag containing a green leafy substance "resembling marijuana" fell to the floor. The defendant was then booked on the charge of possession of marijuana instead of auto theft.

At the trial it was stipulated that a chemist would testify that the "green leafy substance" was marijuana.

## I

The admissibility in evidence of the marijuana which dropped from defendant's clothing during the course of his booking depends upon the legality of his arrest, since it is proper to search a lawfully arrested person for the purpose of keeping contraband out of the jail. (*People* v. *Reed* (1962) 202 Cal.App.2d 575, 579-580 [20 Cal.Rptr. 911].)

The lawfulness of defendant's arrest depends upon whether the officer had reasonable cause to believe he had committed the felony of auto theft. (Pen. Code, § 836, subd. 3.)

The record contains no evidence of any conversation between the officers and either occupant of the car concerning their occupancy of the vehicle excepting the officer's request for the driver to present a registration of the vehicle. There is no evidence of any conversation whatever with defendant. There is no evidence the occupants of the car were even told why they were arrested. There is no evidence that the officer knew anything at all about the relationship between defendant and the driver of the car except that defendant was a passenger.

The Attorney General's brief argues that defendant "failed to offer any explanation for his presence in the stolen vehicle. He gave no reason to the police which would justify their treating him differently from the driver." The record does not support this argument. The record is silent as to whether the officers did or did not ask defendant for an explanation, or whether defendant did or did not give an explanation. Those questions were not asked at the trial. Moreover, the failure of the passenger to give an "explanation" hardly could have much weight in this context. An inno-

cent passenger could only say he didn't know the car was stolen, a self-serving statement not likely to be persuasive with an officer who thought he had grounds for an arrest.

The burden of proof was upon the prosecution to show justification for the arrest and search. (*People* v. *Faris* (1965) 63 Cal.2d 541, 545 [47 Cal.Rptr. 370, 407 P.2d 282].)

The Attorney General relies on *People* v. *Littlejohn* (1957) 148 Cal.App.2d 786, 790 [307 P.2d 425]; and *People* v. *Ragone* (1948) 84 Cal.App.2d 476, 480 [191 P.2d 126], to support the theory that the officers had reasonable cause to believe defendant was guilty of auto theft. Neither is factually similar to the meager record which is before us. In the *Littlejohn* case the arresting officers had a great deal of information indicating that the occupants of the stolen car had been using it for some time for delivering narcotics. It was thus a reasonable inference that the passenger and driver were jointly responsible for the possession of the vehicle.

In *Ragone,* two men were caught while attempting a burglary. A stolen car with motor running, and containing a pistol, sledgehammer and crowbars, was parked nearby. The appellate court held the evidence sufficient to convict both men of using a motor vehicle without the consent of the owner in violation of former Vehicle Code section 503. Since the two men were jointly engaged in the burglary, it was a reasonable inference they were jointly responsible for the vehicle.

In the case at bench there is no indication that defendant was jointly engaged in any activity, legal or illegal, except as a passenger.

The Attorney General's reliance on such inapposite cases is in effect a concession that there is no authority to support this arrest.

## II

The Attorney General makes the alternate contention that the lack of reasonable cause to arrest was not raised in the trial court. The language used by defendant's attorney at the trial in objecting to the introduction of the marijuana was as follows: "First I would move to suppress the introduction of the evidence on the grounds of illegal search and seizure. I think that there is an issue here.

If the car were stopped without the officers' having observed it commit

any traffic violation, without knowledge it was on the hot sheet, I think it would probably be illegal search and seizure.

I would submit this matter as to search first, your Honor."

The theory of the argument is that although the first sentence of the objection is broad, the second sentence calls attention to a particular part of the evidence, and the objection should be deemed limited to that specific only. We cannot read the objection of the trial attorney so narrowly. The objection to the admissibility of the marijuana "on the grounds of illegal search and seizure" is adequate notice that the defendant is challenging the sufficiency of the prosecution's showing of probable cause for the nonwarrant arrest which is the claimed justification for the search. Objections stated orally in the heat of trial cannot be analyzed with the legal acuity reserved for the interpretation of statutes and contracts. It is not ordinarily necessary to argue an objection, and in the context of this record the brief argument which followed the statement of the ground of the objection should not now be treated as limiting the ground.

Two cases cited by the Attorney General are examples of grounds raised for the first time on appeal. In *People* v. *Talley* (1967) 65 Cal.2d 830, 835, 838 [56 Cal.Rptr. 492, 423 P.2d 564], the objection to the evidence (as described in the opinion) was "on the ground that it was obtained in an illegal search since the officers had no warrant and assertedly lacked probable cause to arrest. . . ." This objection did not raise the contention, argued on appeal, that the arresting officers were outside the city in which they were employed. In *People* v. *De Santiago* (1969) 71 Cal.2d 18, 22 [76 Cal.Rptr. 809, 453 P.2d 353], the ground of objection at the trial was "that there was no probable cause to arrest and no warrants had been obtained." This did not raise the issue, first argued on appeal, of noncompliance with Penal Code section 844, which requires an officer to demand admittance and explain his purpose before breaking in. In each of the cited cases the contention made on appeal was not within what is ordinarily thought to be included within the ground of objection stated in the trial court. In the case at bench the ground of "illegal search," as it is generally understood in a case involving a nonwarrant arrest and a subsequent search of the arrested person, challenges the sufficiency of the cause for arrest.

██ We must conclude that the brief record made in this case does not contain a prima facie showing of a legal ground to arrest defendant and that defendant did not waive that issue in the trial court. Thus under the familiar exclusionary rule (*Mapp* v. *Ohio* (1961) 367 U.S. 643 [6 L.Ed.2d

1081, 81 S.Ct. 1684, 84 A.L.R.2d 933]) the marijuana should have been suppressed.

The judgment is reversed.

Jefferson, J., and Dunn, J., concurred.