[Crim. No. 18659. Second Dist., Div. Two. Apr. 29, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
HAROLD R. WILLIAMS, Defendant and Appellant.

## COUNSEL

Richard S. Buckley, Public Defender, James L. McCormick, Charles Gessler and Harry W. Brainard, Deputy Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Paul H. Sweeney, Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

**FLEMING, J.**—Williams appeals a judgment committing him to the Youth Authority after his conviction for possession of a restricted dangerous drug (Health & Saf. Code, § 11910.)

*Facts*

About 10:30 in the morning on 8 December 1969 Police Officers Chapman and Lane, who had been assigned to patrol the Fremont High School area of Los Angeles, watched Williams and two companions standing around a hamburger stand near the school for approximately five minutes. At 11 o'clock the same persons were still standing around the hamburger stand, but after a few minutes they got into a 1960 Chevrolet and drove off, Williams riding as a passenger. At 11:30 a.m. the officers stopped the automobile in which the group was riding to warn them of excessive-smoke violation and inform them of the Penal Code which prohibits loitering about schools and public places at which children normally congregate. (Pen. Code, § 653g.)

As Officer Lane approached the automobile the driver opened his door to get out, and Lane saw that the ID tag of the vehicle had been riveted onto the front part of the left doorjamb. This was significant to Lane because on "a '60 Chevrolet, the ID tag is sweat-blazed on, and it is not riveted." On seeing the tag he told Officer Chapman he suspected the vehicle was a stolen car. When Chapman asked the driver for vehicle registration, the latter replied he had no registration because the automobile belonged to his brother. Although a check of the license-plate number produced a negative report, Chapman told the occupants he suspected the vehicle might be stolen and placed them under arrest.

At the police station Williams was searched, and a brown paper bag containing 198 red secobarbital capsules was discovered in his clothing. Williams also had 43 one-dollar bills and one twenty-dollar bill in his possession. In the opinion of Police Officer Welsch, a narcotic expert, the quantity of pills and dollar bills indicated the pills were probably possessed for purposes of sale. About 30 minutes after the arrest the police learned that the 1960 Chevrolet was in fact a stolen car.

*The Issue—Legality of Arrest*

Williams contends the trial court should have granted his motion to suppress the evidence of the secobarbital capsules because the arrest and search violated his right to be free from unreasonable search and seizure.

■ A lawfully arrested person may be searched in order to keep contraband out of the jail. (*People* v. *Reed,* 202 Cal.App.2d 575, 579-580 [20 Cal.Rptr. 911].) Therefore, the motion to suppress evidence could only succeed if the arrest were found to have been illegal. A police officer may arrest without warrant if he has reasonable cause to believe a felony has been committed (Pen. Code, § 836, subd. 3), the suspected felony here being auto theft (Veh. Code, § 10851). ■ What constitutes reasonable cause to suspect auto theft varies, but absence of registration, inability to furnish satisfactory proof of ownership, and unsatisfactory explanation for possession of the vehicle may suffice. (*People* v. *Upton,* 257 Cal. App.2d 677, 683 [65 Cal.Rptr. 103]; *People* v. *Myles,* 189 Cal.App.2d 42, 46 [10 Cal.Rptr. 733]; *People* v. *Nebbitt,* 183 Cal.App.2d 452, 457 [7 Cal.Rptr. 8].) At bench these grounds for suspicion were fortified by the altered identification number on the vehicle itself, a circumstance which strongly suggested a stolen car. The police officers, therefore, had reasonable cause to believe the car was stolen and reasonable cause to make an arrest.

But defendant claims that since he was merely a passenger in the car, the police had no authority to arrest him, and he cites *People* v. *Williams,* 9 Cal.App.3d 565 [88 Cal.Rptr. 349]. There, the defendant, a passenger in a vehicle which had been stopped for a traffic violation, was arrested along with the driver when the driver failed to produce any vehicle registration and a check of the license-plate number disclosed that the car had been stolen. A subsequent search of the defendant uncovered marijuana. The court held the evidence of the marijuana should have been suppressed because there was "no indication that defendant was jointly engaged in any activity, legal or illegal, except as a passenger." (9 Cal.App.3d at p. 569.) ■ Yet, significantly for our purposes, the *Williams* case points out that joint activity by the occupants of a vehicle may furnish sufficient cause to arrest a passenger as a participant in suspected illegal activity engaged in by the driver. Application of this rule may be seen in *People* v. *Ragone,* 84 Cal.App.2d 476 [191 P.2d 126], where police officers saw Ragone and a co-defendant get out of a parked car, leave the motor running, and attempt a burglary. The car had been stolen. The court held the evidence sufficient to convict both defendants of the unlawful taking of the motor vehicle. "From the circumstances . . .," the court said, "the inference is strong that [possession] originated in the unlawful taking and driving away of the automobile by the same persons in whose possession it was found." (84 Cal.App.2d at p. 480.)

In the case at bench, the police observed defendant loitering for a period of an hour with the driver and another at a hamburger stand near a school. The officers could reasonably infer that defendant was jointly

engaged with his companions in the prohibited activity of loitering near a school. When the police later found good cause to believe the vehicle was stolen, they could reasonably conclude that defendant was not merely a passenger in the vehicle but was a participant in the theft. (*People* v. *Clark,* 2 Cal.App.3d 510, 519 [82 Cal.Rptr. 682].) The offense of unauthorized taking or stealing is committed not only by the driver or taker of the vehicle but by "any person who is a party or accessory to or an accomplice in the driving or unauthorized taking or stealing." (Veh. Code, § 10851.) Here, the evidence was not only sufficient to support an arrest but to sustain a conviction for auto theft. (*People* v. *Miles,* 272 Cal.App. 2d 212, 218 [77 Cal.Rptr. 89].)

The arrest of Williams was valid, the motion to suppress evidence was properly denied, and the judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.