573 P.2d 896

**STATE of Arizona, Appellee,**

v.

**Kent Kristian HANSEN, Appellant.**

**No. 1 CA–CR 2413.**

Court of Appeals of Arizona,
Division 1,
Department B.

Nov. 3, 1977.

Rehearing Denied Jan. 3, 1978.

Review Denied Jan. 24, 1978.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Skousen, McLaws & Skousen, P. C. by Charles M. Thomas, Phoenix, for appellant.

## OPINION

JACOBSON, Judge.

The decisive issue in this appeal is whether the police officer who observed appellant sitting next to another person who was smoking marijuana on a public park bench had probable cause to arrest and search appellant. We hold that he did not, and we accordingly reverse appellant's conviction for possession of marijuana subsequently found upon his person.

The events in question took place at about 9:45 p. m. on June 3, 1976, in Reed Park, a public park in Mesa. Officer Chavez of the Mesa Police Department, working as an undercover narcotics agent, was patrolling the area. He observed appellant and another person sitting on a park bench three to four inches apart. Officer Chavez observed the other person smoking what he thought was a marijuana cigarette. He approached more closely from the rear and smelled burning marijuana. He thereupon confronted both individuals and placed them both under arrest for possession of marijuana. Officer Chavez conducted an initial search, which he described as "cursory," for weapons. This initial search was unproductive and its validity is not in issue. In a subsequent and more thorough search, a "baggy" of marijuana was found in appellant's left rear pants pocket. It is this marijuana that appellant stands convicted of possessing.

Appellant's motion to suppress was submitted on the basis of the police departmental report and the preliminary hearing transcript. In neither of these did Officer Chavez state that he at any time saw appellant holding or smoking the marijuana cigarette, nor is there articulated any indication of any actual, active participation by appellant in the possession or use of the burning marijuana cigarette. The following is a fair summary of the articulated basis for appellant's arrest:

"Q. What gave rise to your decision to arrest Mr. Hansen?

"A. Well, the fact that he was there with the suspect, reasonable cause that one of the suspects did have a marijuana cigarette and probable cause to believe that both of them were participating in smoking that marijuana cigarette.

"Q. Well, what I am driving at, Officer Chavez, is: What does that probable cause consist of that both of them were participating in the smoking of the marijuana cigarette or the possession of marijuana?

"A. In my past experience, a majority of times when two or more subjects are seated together, it's customary that they all pass around a marijuana cigarette, and they all smoke from that cigarette."

We wholly agree with appellee that probable cause is a "practical, non-technical conception," *Brinegar v. United States*, 338 U.S. 160, 175–6, 69 S.Ct. 1302, 1310–1311, 93 L.Ed. 1879, 1890–91 (1949), but we do not find in either the authorities cited by appellee or elsewhere, a basis for holding that the arrest of appellant was, under the facts adduced here, valid so as to justify the subsequent productive search as incidental to a lawful arrest.

Probable cause to arrest without a warrant exists if the arresting officer knows facts and circumstances sufficient to justify the belief of a reasonable and prudent man that a felony has been committed by the individual arrested. *State v. Miller*, 112 Ariz. 95, 97, 537 P.2d 965, 967 (1975);

*State v. Edwards*, 111 Ariz. 357, 360, 529 P.2d 1174, 1177 (1974). As a matter of substantive criminal law, mere presence at a place where marijuana is being smoked is not of itself sufficient to show possession of marijuana. *State v. Curtis*, 114 Ariz. 527 (App.), 562 P.2d 407 (1977). Similarly, in the law of arrest, mere association with a known or suspected offender, without more, is an insufficient basis for arrest and search. *State v. Mendez*, 115 Ariz. 367, 565 P.2d 873 (1977), quoting from *Sibron v. New York*, 392 U.S. 40, 62–63, 88 S.Ct. 1889, 1902, 20 L.Ed.2d 917, 934 (1968); *United States v. Di Re*, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed.2d 210 (1948). As is well illustrated in a line of California cases, there must be some indication of "joint activity," or "joint participation." *People v. Williams*, 17 Cal. App.3d 275, 94 Cal.Rptr. 735 (1971); *People v. Esparza*, 2 Cal.App.3d 245, 82 Cal.Rptr. 467 (1969) and compare *People v. Simon*, 45 Cal.2d 645, 290 P.2d 531 (1955) and *People v. Williams*, 9 Cal.App.3d 565, 88 Cal.Rptr. 349 (1970). As the court in *Esparza, supra*, observed:

> "The crucial factor, of course, is whether [Officer] Frigo had reasonable cause to believe that Esparza had been in joint possession of the kit which Nunez threw from the car. . . . Having drawn the reasonable inference that Esparza opened the door to facilitate the disposition of the kit, the officer was justified in drawing the further inference that this conduct indicated joint possession.
>
> "The instant case thus differs from *United States v. Di Re*, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210; *People v. Simon*, 45 Cal.2d 645, 290 P.2d 531; and *Pinizzotto v. Superior Court*, 257 Cal.App.2d 582, 65 Cal.Rptr. 74, relied on by defendant, in that in none of these cases was there any conduct by the defendant which indicated joint participation with a companion in an activity which admittedly supplied probable cause for the arrest of the companion. The distinction is slight, but crucial." *Id.* at 246, 82 Cal.Rptr. at 468.

As noted above, there are no such indications in the record before us. The quoted excerpt from the preliminary hear-

ing transcript shows that the officer relied upon his experiential knowledge of a custom for two or more persons to sit and share in the smoking of a marijuana cigarette. But if the smoking of a marijuana cigarette where two or more persons are seated together is usually or in a majority of instances a joint activity, it is not always or necessarily such. While some persons in proximity to one engaged in this form of illicit activity may join in it, others may not. The rough statistical probability referred to by the officer does not, without more, provide the basis for a reasonable and prudent man to conclude that appellant was committing an offense. *Cf. Sibron v. New York, supra.* Of course, there may be a variety of indicia of participation other than the observed actual holding or smoking of a marijuana cigarette. *Cf. State v. Curtis, supra.* There was none articulated here.

Appellee relies most heavily upon *State v. Drake*, 512 S.W.2d 166 (Mo.App.1974), and *State v. Thompson*, 196 Neb. 55, 241 N.W.2d 511 (1976). *Drake* involved a burglary and the appellant was seen walking with a companion who was a known offender in close proximity to the burglarized apartment shortly afterward; appellant was searched after a search of his companion produced an item stolen from the apartment. Here, by contrast, the only criminal activity that was observed to be carried on was being carried on by appellant's companion and that companion alone. *Thompson* is a good example of a case where there was more than mere proximity to an observed marijuana smoker. The officers in *Thompson* observed from outside a room the person who was smoking what appeared to be a marijuana cigarette repeatedly passing the cigarette to his right. When the officers subsequently entered the room, the appellant was sitting at the smoker's right with a scissors in his hand.

Appellee cites testimony of Officer Chavez that he "detected an odor of burnt marijuana that appeared to be coming from the direction of where *they* were seated." (emphasis supplied) From a reading of all of the officer's testimony, however, it is

clear that he attributed this odor to the burning marijuana cigarette which he ultimately took from the companion's hand. As in *People v. Spriggs*, 38 Ill.App.3d 737, 348 N.E.2d 468 (1976), there was no direct attribution of odor to appellant. This testimony cannot, therefore, provide a basis for the arrest.

Finally, appellee in its argument alludes to a statement subsequently made by appellant at the police station to the effect that he had smoked other marijuana cigarettes earlier that evening. We fail to see the relevance of this to the issue of the validity of the arrest and search. It has been repeatedly stated that if there was no probable cause to make any arrest, nothing which subsequently occurs can make the arrest lawful or justify the search. *State v. Gillin*, 112 Ariz. 348, 541 P.2d 1150 (1975); *State v. Edwards*, 111 Ariz. 357, 529 P.2d 1174 (1974).

There was not, in this case, any showing of "joint activity" on the part of appellant.

Reversed.

WREN, P. J., and EUBANK, J., concur.