(No. 25442.—

The People of the State of Illinois, Defendant in Error, *vs.* George Henneman, Plaintiff in Error.

*Opinion filed February 21, 1940—Rehearing denied June 5, 1940.*

Wilson, C.J., and Shaw, J., dissenting.

John V. Clinnin, for plaintiff in error.

John E. Cassidy, Attorney General, Thomas J. Courtney, State's Attorney, and A. B. Dennis, (Edward E. Wilson, John T. Gallagher, Melvin S. Rembe, and Blair L. Varnes, of counsel,) for the People.

Mr. Justice Stone delivered the opinion of the court:

Plaintiff in error was indicted for carrying concealed weapons and tried before the criminal court of Cook county without a jury. He was convicted, sentenced to the house of correction for a term of one year, and fined $300. Before the trial he filed a motion to suppress evidence and a plea of former jeopardy. He brings the case here for review because, he says, his constitutional rights have been violated.

His first ground of error pertains to the refusal of the trial court to suppress evidence and he claims that the search of his person, and the seizure of the gun in his possession, were unreasonable and violated his constitutional rights.

On the evening of June 27, 1939, at about 9:45, he and one James McLean drove up to a tavern on South Wentworth avenue in the city of Chicago. Plaintiff in error was driving the car and they stopped alongside another car parked at the curb. Three police officers in plain clothes were riding in a squad car. As they passed the plaintiff in error's car McLean got out, and, according to witnesses

for the defense, got into his own car, which had been parked there during the day, and left. The officers testified that one of the men got out of the car and disappeared into the tavern and the officers turned their car and drove back where plaintiff in error's car was standing, and as they did so plaintiff in error also got out and started into the tavern. One of the officers called to him to halt but he continued on into the tavern. That officer followed him in and arrested him, brought him out on the sidewalk, searched him and found a 32-caliber pistol in his possession. He was immediately placed in the squad car and other officers searched plaintiff in error's car and found a pistol, a pair of rubber gloves, a blackjack and some adhesive tape in the glove compartment. The officers testified they did not find the first man in the tavern. It appears that the first man was named James McLean and that he appeared and testified on plaintiff in error's trial.

The officers seek to justify the arrest of plaintiff in error by the fact that on the evening of June 26, 1939, a filling station, some two miles from where the plaintiff in error was arrested, was held-up. Two men driving a black car, parked across the street from the filling station. One of them, a short man, held-up the station, ran to the car and they drove away. The other remained in the car and the filling station attendant could not give any description of him. The police had been notified and they were on the lookout for the robbers. They testified they thought the first man who got out of plaintiff in error's car answered the description of the man who actually did the robbing. They had no description that in any way fitted plaintiff in error and no fact which tended to indicate that plaintiff in error and the man who first got out of his car at the tavern, had been associated the day before. They had no evidence, information or basis for suspicion that plaintiff in error had committed a crime or was in any way implicated in a crime, beyond the fact that a second man ap-

peared in the robbery with the man who seemed to answer the description of the robber.

This court has repeatedly held that the fact that it develops after an invalid arrest, that the person arrested is carrying concealed weapons, does not justify the arrest, and an officer making such arrest without a warrant must, as ground for his belief that the person arrested is guilty of a crime or implicated therein, have information of some facts which would indicate and influence a prudent, cautious man under the circumstances. (*People* v. *Dalpe,* 371 Ill. 607; *People* v. *Duchant,* 370 id. 650; *People* v. *Ford,* 356 id. 572; *People* v. *McGurn,* 341 id. 632.) The belief induced in the mind of an officer must be a reasonable belief and must appear on subsequent inquiry to have been founded on such facts as would, in the mind of a reasonable man, give rise to a suspicion that the prisoner is guilty of or implicated in a crime. A mere suspicion in the mind of an officer not so supported is not such a suspicion as to justify a search. Constitutional safeguards do not hang upon so tenuous a thread.

In this case no facts appear justifying the arrest and search of plaintiff in error. He had not been identified or suspected as participating in the robbery and the officers possessed no description or other information tending to justify their suspicion that he was the second man on the scene of the robbery. The crime had taken place twenty-four hours before, at a place two miles away. It cannot be said that anything was known to the officers or suspected by them reasonably to indicate that a man, answering the description of the actual robber, and plaintiff in error had been seen together at or about the time of the robbery or the day following, prior to the time of the arrest, or to indicate that plaintiff in error was implicated in the robbery. While the officers testified that when the man, shown in the record to be McLean, got out of plaintiff in error's car, he hastened into the tavern, several defense witnesses, in-

cluding McLean and plaintiff in error, testified, as we have stated, that McLean got into his own car and drove away. The fact remains that McLean appeared as a witness on the trial and nothing appears to indicate that the officers then had a real suspicion that he resembled the robber.

While, in the interest of crime prevention, it is necessary that substantial latitude be given to police officers in making an arrest without a warrant, yet, in so doing, the constitutional guaranty to all citizens to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, must be observed.

We are of the opinion that the trial court erred in denying the motion suppressing the evidence in this case. This being so, no useful purpose will be served by remanding the cause for another trial.

The judgment is reversed.

*Judgment reversed.*

WILSON, C.J., and SHAW, J., dissenting.