The People of the State of Illinois, Plaintiff-Appellee, *v.* Richard E. Harshbarger, Defendant-Appellant.

(No. 73-332;

Fifth District—November 7, 1974.

Frederick F. Cohn, of Chicago, for appellant.

John H. Ward, State's Attorney, of Taylorville (James W. Jerz and Martin P. Moltz, both of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

In a jury trial in the Circuit Court of Christian County defendant was convicted on a two-count indictment charging possession of a controlled substance (marijuana), and possession of amphetamines. He was sentenced to concurrent terms of 1 to 3 years on each count. In this appeal defendant contends, among other things, that his arrest was unlawful and in violation of his constitutional rights and that a search warrant against his automobile was improperly issued.

Prior to trial defendant's motions to quash the warrant and to suppress all evidence obtained in a search of his person and his car were denied. At the hearing on these motions one police officer testified and it was stipulated that the testimony of another officer would be the same. It appears that in response to information received by the police that Robert Leads had a large quantity of marijuana in his possession, they went to his house about 4 o'clock in the afternoon on September 26, 1972. They knew him and when he answered the door they asked and received his consent to search his car. Finding nothing of consequence, they then asked and were permitted to check the house. When they entered they observed three other young men seated in the living room, one of whom was the defendant, Richard Harshbarger. Also, they noticed what they believed to be a strong smell of burning marijuana. In a check of the house no marijuana was found, but nonetheless all four men were informed that they were under arrest for possession and they were immediately taken to the police station in a squad car. In answer to specific inquiries the officer stated that they had no arrest or search warrant, that they had never seen defendant before, that they did not see defendant in possssion of any marijuana, that they did not find any on the premises, and that they did not observe that defendant was violating any city ordi-

nance, State statute, or Federal law. The officer also testified that he did not consider himself an expert on the subject of burning marijuana, but that he was aware that burning tea bags and burning marijuana have a similar odor which he was not sure he would be able to distinguish.

On reaching the station the officer stated that each of the individuals was searched prior to being placed in a detention cell. In the search of defendant an old-fashioned pocket watch was found in his undershorts, and, when the lid was pried open, it was found to contain 25½ small, grey, compressed tablets of unknown content (later determined to be amphetamines). Defendant was asked for permission to search his car, which in the meantime had been towed to a garage, but he refused. A guard was placed on the car until the next day when a search warrant was obtained. In the search of the car two brief cases containing a number of cellophane packages of marijuana were found in the trunk. The affidavit in support of the complaint read as follows:

"Complainant says that he has probable cause to believe, based upon the following facts, that the above listed things to be seized are now located upon the (person and) premises set forth above; The Taylorville City Police Officers arrested Richard Harshbarger and found him to have in his possession controlled substances and it is believed that there may be more controlled substances in his automobile; said subject was arrested on September 26, 1972 and the controlled substance was found at that time. Subject had just left his automobile immediately prior to his arrest."

We shall first consider defendant's contentions relative to his arrest and the search of his person incident thereto. The rules pertinent to this issue are well established. An officer making an arrest without a warrant must have probable cause to believe that a criminal offense has been committed and that the person to be arrested has committed it; that is, he must have some reasonable grounds or have knowledge of some facts upon which to base his belief that such person is guilty of or implicated in a crime, and a mere suspicion in the officer's mind unsupported by such facts is insufficient to support an arrest or a search incident thereto. (*People v. Henneman,* 373 Ill. 603.) Further, as stated in this latter case, while it is necessary in the interest of crime prevention to give substantial latitude to police officers in making a warrantless arrest, yet, in doing so, the constitutional guaranty to all citizens to be secure in their persons, houses, property and effects against unreasonable searches and seizures, must be observed. It is also clear that the lawfulness of an arrest depends upon the existence of reasonable grounds for the arrest at the time it is made, and after-discovered evidence upon a search does not relate back to operate as a justification. (*People v. Roe-*

*buck,* 25 Ill.2d 108.) Finally, neither can a search or a seizure made without a warrant be justified as incident to an arrest unless the arrest was constitutionally valid. *Johnson v. United States,* 333 U.S. 10, 92 L.Ed. 436, 68 S.Ct. 367.

Applying these rules to the facts before us we can find no justification for defendant's arrest at the time it was made, nor for the search of his person occurring sometime subsequent thereto at the station house. The officers had never seen or heard of defendant before. He was merely one of four persons sitting in the living room of a house in which the officers thought they smelled burning marijuana. They had no idea which one of them, or for that matter, if any of them had actually been smoking marijuana. Nor did defendant by his actions, furtive or otherwise, give any indication that he may have been violating any law. In effect, defendant's arrest was prompted by a mere suspicion that someone must have been smoking marijuana because of the odor believed to be present, and, therefore, the best thing to do was to arrest and search everybody. This we believe to have been unwarranted and unlawful, constituting a patent violation of defendant's constitutional rights.

In *United States v. Di Re,* 332 U.S. 581, 92 L. Ed. 210, 68 S.Ct. 222, Federal officers had information that a certain individual was selling counterfeit gasoline ration coupons. The informer sent to make a purchase from him did so in the presence of the defendant, Di Re, who happened to be in the seller's car. The officers then arrested both the seller and Di Re, and, in a search of Di Re incident to his arrest, they found a large number of counterfeit coupons on him concealed betweeen his shirt and underwear. Quoting the rules above cited the court held such arrest and search unlawful because at the time of the arrest the officers had no information implicating Di Re in any crime nor any information pointing to his possession of counterfeit coupons, and under such circumstances they had no probable cause to arrest him. In answer to a government argument the court specifically found that the mere fact that Di Re was sitting in the parked car when the sale was made to the informer could not, of itself, constitute probable cause to believe him guilty of committing a crime or of even raising an inference of guilt. Of further interest is the court's explanatory comment that though in some instances the application of such rules may appear to make law enforcement more difficult and uncertain, nonetheless it was the specific design of our constitution to place obstacles in the way of a too permeating police surveillance which was believed to be an even greater danger to a free people than the escape of some criminals. See also *Johnson v. United States, supra.*

We conclude that the arrest of defendant and the search of his

person were unlawful as violative of his constitutional rights, and we find that the trial court erred in refusing to suppress the evidence obtained in said search.

■■ We now proceed to a consideration of the validity of the search warrant. While it is true that a reviewing court should pay substantial deference to a judicial determination of probable cause for issuance of a warrant, nonetheless approval thereof is not automatic. The requirement still remains that the magistrate must be shown to have acted independently, in a neutral and detached manner, basing his judgment upon the underlying facts presented to him rather than merely accepting the beliefs, inferences and conclusions of the complainant. (*Aguilar v. Texas,* 378 U.S. 108, 12 L.Ed.2d 723, 84 S.Ct. 1509.) A warrant issued upon the sworn allegation that an affiant "has cause to suspect and does believe" that certain merchandise was in a specified location has been held insufficient as a mere affirmation of suspicion and belief without any statement of adequate supporting facts. (*Nathanson v. United States,* 290 U.S. 41, 78 L.Ed. 159, 54 S.Ct. 11.) To permit a warrant to be issued upon an affiant's inferences and beliefs without any supporting facts constitutes a violation of the very purpose of the constitutional requirement that the inferences must be drawn by a neutral and detached magistrate and not by a police officer engaged in the often competitive enterprise of ferretting out crime. *Giordenello v. United States,* 357 U.S. 480, 2 L.Ed.2d 1503, 78 S.Ct. 1245.

Again applying these rules to the facts before us we find that the affidavit contains little more than a statement of affiant's belief or inference that because controlled substances were found on defendant's person there "may be more controlled substances in his automobile." No other background facts were presented to the judge. He was not informed of the circumstances of defendant's arrest and consequently he had no opportunity to judge the lawfulness or unlawfulness of either his arrest or the search of his person. Had he been given these facts and had he determined defendant's arrest to have been unlawful surely he would not have allowed the fruits of the unlawful search to give rise to a further violation of defendant's constitutional right to privacy.

■■ We conclude that the search warrant should not have been issued because the affidavit did not provide a sufficient basis for a finding of probable cause, and further, because, under the particular circumstances of this case, the fruits of an original unlawful search cannot be used to furnish probable cause for a subsequent search any more than the results of a search can be used to justify an unlawful arrest. Accordingly, we find that the trial court committed error in refusing to suppress the evidence obtained in the search of defendant's automobile.

340

With all evidence against defendant suppressed we find no reason for remandment. The judgment of the Circuit Court of Christian County is reversed.

Reversed.

G. MORAN, P. J., and CARTER, J., concur.