THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JAMES SPRIGGS, Defendant-Appellee.

Fourth District   No. 13147

Opinion filed June 3, 1976.

Basil G. Greanias, State's Attorney, of Decatur (Robert I. Wrigley, Assistant State's Attorney, Christopher M. Tietz and James Tueth, Law Students, of counsel), for the People.

No brief filed for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant James Spriggs was arrested and charged by information with unlawful possession of cannabis (more than 10 and less than 30 grams). The cannabis had been found by the police in a search of his person. Defendant moved to suppress the evidence and the trial court granted the motion. The State appeals. Defendant-appellee has not filed an appearance nor submitted a brief.

The issue on appeal is whether the search was illegal so that the fruits of that search should be suppressed. No transcript of the hearing on the

motion to suppress was included in the record. We therefore base our conclusions on the findings of fact made by the trial court. Briefly the story is as follows.

Several police officers went to a certain apartment on an informant's tip that Jim Bundy, who was wanted by the police, was there. They were let into the apartment. Jim Bundy, Kevin Bundy, Chuck Burkhart, the defendant and Ronnie Vaughn, the lessee, were present in the living room. The officers noticed a smell of marijuana present and searched the apartment with the consent of Vaughn. They found some marijuana in a dresser in the bedroom. At about that time Vaughn ran from the apartment. One of the officers conducted pat-down searches of those remaining. Shortly thereafter a newly arrived officer conducted another pat-down search of defendant. At the officer's request, defendant removed his boots. After that the officer searched defendant's socks and found marijuana. There was no search warrant, nor was Spriggs arrested until after the contraband had been found. Jim Bundy admitted that marijuana had been smoked within an hour or two before the police arrived. Spriggs admitted being there for about one-half hour.

The trial court found that Spriggs had not given his consent to the search. The court also found that the search of defendant's socks was not reasonably necessary to protect the officers from attack. The State argues that the "stop and frisk" rule of *Terry v. Ohio,* 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868, is not applicable to the situation. They argue that the search was reasonable because the officers had probable cause to arrest the defendant and that the arrest establishes the authority to search.

■■ In order to make a warrantless arrest, an officer must have probable cause to believe that a criminal offense has been committed and that the person to be arrested has committed it. *(People v. McDaniel,* 19 Ill. App. 3d 771, 312 N.E.2d 805.) Mere suspicion is insufficient to support an arrest or, of course, a search incident to an arrest. *(People v. Henneman,* 373 Ill. 603, 27 N.E.2d 448.) Evidence acquired during a search incident to an arrest does not justify such arrest, which must be based on facts acquired prior to the search. *(People v. Harshbarger,* 24 Ill. App. 3d 335, 321 N.E.2d 138.) *Harshbarger* is strikingly similar to the facts of the present case. There the police entered an apartment upon a tip that there was present a large quantity of marijuana. The tenant and several other persons, including defendant, were present. Upon entering they noticed what they believed to be a strong smell of burning marijuana. They searched the apartment with the consent of the tenant but found no contraband. They then informed all those present they were under arrest for possession and they were taken to the police station. In a search at the station, controlled substances were found in a pocket watch on

defendant's person. The trial court refused to suppress the evidence but the appellate court reversed. The court stated:

"* * * [W]e can find no justification for defendant's arrest at the time it was made, nor for the search of his person occurring sometime subsequent thereto at the station house. The officers had never seen or heard of defendant before. He was merely one of four persons sitting in the living room of a house in which the officers thought they smelled burning marijuana. They had no idea which one of them, or for that matter, if any of them had actually been smoking marijuana. Nor did defendant by his actions, furtive or otherwise, give any indication that he may have been violating any law. In effect, defendant's arrest was prompted by a mere suspicion that someone must have been smoking marijuana because of the odor believed to be present, and, therefore, the best thing to do was to arrest and search everybody. This we believe to have been unwarranted and unlawful, constituting a patent violation of defendant's constitutional rights." 24 Ill. App. 3d 335, 338, 321 N.E.2d 138, 140-41.

The facts in the case at bar are even stronger than in *Harshbarger*. Here there was probable cause to arrest Vaughn, because of his flight and constructive possession of the marijuana found in the bedroom. Probable cause to arrest one person cannot be, under these circumstances, probable cause to arrest and search everyone else present. The fact that Harshbarger was not searched until after the formal arrest is not a distinguishing factor since, in neither case, can the search be justified unless an arrest is constitutionally valid.

■■ The People cite *People v. Erb*, 128 Ill. App. 2d 126, 261 N.E.2d 431, and *People v. Tippit*, 17 Ill. App. 3d 163, 308 N.E.2d 15. In *Erb*, the arresting officers observed a parked vehicle. Two persons were in the car and two (the defendants appealing) were outside. One officer testified that the odor of marijuana was emanting from the car and also from the two defendants. One defendant was searched and marijuana was found on him. An officer observed the other defendant throw away a packet. It was retrieved and found to contain marijuana. Later a pipe and cigarette papers were found in her purse. Defendants argued that their mere presence did not give the officers probable cause to make a valid warrantless search. The court noted the distinction between automobiles and homes in terms of circumstances justifying a warrantless search. The court determined that under circumstances present here, which included the odor emanating directly from defendants, a warrantless search was valid. In the case at bar, neither of these factors, an automobile and a direct attribution of the odor to defendant, is present. *Erb* is

distinguishable from this case. The *Tippit* case relies on *Erb* as authority for the warrantless search.

Accordingly the order of the trial court is affirmed.

Affirmed.

TRAPP, P. J., and GREEN, J., concur.