THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* PHILLIP C. GOTTENBORG, Defendant-Appellee.

Third District   No. 75-392

Opinion filed August 23, 1976.

Donald C. Woolsey, State's Attorney, of Galesburg, for the People.

Lucas, Brown & McDonald and Harry C. Bulkeley, both of Galesburg, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant was charged with possession of cannabis and unlawful use of weapons. The trial court granted defendant's motion to suppress the seized marijuana as evidence found during a warrantless search of defendant's vehicle, and the People appeal.

From the evidence heard at the hearing on the motion to suppress, it appears that on July 11, 1975, at 9:30 p.m., Officer Pumfrey was in his squad car parked in front of Douglas School in Galesburg, Illinois, attempting to locate suspects involved in a car theft. Shortly thereafter, he drove off, proceeding down the street at a slow rate of speed. He heard the sound of something metallic hitting the pavement in front of his car and turned to look to his left. He saw three persons sitting in a parked car and observed defendant, who was sitting behind the steering wheel, "slink down" into his seat. The officer stopped his vehicle, which was parallel to defendant's car, walked over to the defendant's car and asked the occupants for identification. Officer Pumfrey stated that he had no reason to believe nor did he suspect that these people were connected with the car theft which he was investigating.

As the officer was obtaining identification from the occupants of the car, he observed on the street 15-20 feet in front of his car, as shown by his headlights, an open Sucrets tin, four hand-rolled cigarettes and a corncob pipe. The officer stated that he had been involved in at least eight arrests where Sucrets tins were used for concealing marijuana and, based on his experience, a corncob pipe was a common device for smoking marijuana. He also stated that there were several parked cars in the vicinity and he had not seen from where the objects had come.

The officer informed the persons that they were under arrest for possession of marijuana and ordered them out of the car. He searched the individuals and found a bag containing a substance which the officer believed to be marijuana and a substance appearing to be hashish, however neither item was found on defendant. The officer then conducted a search of the car and found a bag which appeared to contain

marijuana and a blackjack under the front seat. These latter items formed the basis of the charges against defendant.

After hearing this testimony, the trial court suppressed the results of the vehicle search, ruling that there was no probable cause to search the vehicle.

■■  The constitutions (Ill. Const. 1970, art. I, §6; U.S. Const., amend. IV) do not protect against all searches and seizures, but only those which are unreasonable. *People v. Watkins* (1960), 19 Ill. 2d 11, 18, 166 N.E.2d 433, *cert. denied*, 364 U.S. 833, 5 L. Ed. 2d 59, 81 S. Ct. 57. A search without a warrant is reasonable if it is incident to a lawful arrest. (*People v. Wright* (1968), 41 Ill. 2d 170, 173, 242 N.E.2d 180; *People v. Joyner* (1972), 50 Ill. 2d 302, 278 N.E.2d 756.) However, a search or seizure cannot be justified as incident to an arrest unless the arrest was constitutionally valid. *People v. Catavdella* (1964), 31 Ill. 2d 382, 202 N.E.2d 1.

■■  A police officer may make a warrantless arrest when, at the time of the arrest, he has reasonable grounds to believe that the person is committing or has committed an offense. (Ill. Rev. Stat. 1975, ch. 38, par. 107—2(c).) While the actions of the officer are to be judged by practical considerations, the officer's belief must be reasonable and founded on articulable facts giving rise to more than a mere suspicion. *People v. Yocum* (3d Dist. 1974), 24 Ill. App. 3d 883, 321 N.E.2d 731.

■■  Here, the officer had observed items on the street some 15-20 feet away which he testified were commonly associated with marijuana use. However, the officer never conducted a closer examination to corroborate his suspicion, nor did he ascertain whether the items appeared to be recently discarded, which would arguably connect them to the metallic sound heard by the officer, or whether the items appeared to have been on the street for some time. Moreover, the officer testified that there were other cars on the street and did not know whether the items had been thrown from defendant's car of, if they were, who had thrown the items. In effect, the officer based the arrest on the unsupported suspicions that the items on the street contained marijuana and that defendant, or someone in defendant's car, discarded those items. (See, *e.g., People v. Harshbarger* (5th Dist. 1974), 24 Ill. App. 3d 335, 321 N.E.2d 138; *People v. Johnson* (1st Dist. 1973), 14 Ill. App. 3d 254, 302 N.E.2d 430.) We also do not believe that defendant's act of "slinking down," under these circumstances, is such a furtive gesture as would support a finding of probable cause. It could just as easily be consistent with innocent actions, when the conduct of young men during a warm summer evening is considered. *People v. Felton* (2d Dist. 1974), 20 Ill. App. 3d 103, 313 N.E.2d 642.

Considering all the circumstances, these facts did not serve to elevate Officer Pumfrey's suspicions to the level of probable cause.

The order of the Circuit Court of Knox County sustaining defendant's motion to suppress was correct and is affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.