The STATE of Texas

v.

Leo STEELMAN and Ian Steelman, Appellees.

Nos. 1022–00, 1023–00.

Court of Criminal Appeals of Texas.

Jan. 29, 2003.

Stan Brown, Abilene, for Appellant.

Kollin Shadle, Asst. DA, Abilene, Matthew Paul, State's Attorney, Austin, for State.

## OPINION ON STATE'S MOTION FOR REHEARING

Rehearing on petition for discretionary review denied.

KEASLER, J. filed this dissenting opinion, joined by HERVEY, J.

The Court's opinion on original submission is as muddled as a stray dog's breakfast. It is wrong in at least five respects:

- It held the State waived reliance on the search warrant, contrary to the record.
- It confused the entry into the home with the search of the premises.
- It misunderstood Art. 14.05.
- It relied on a single lower appellate court case from another state—that is no longer the law in that state—when the vast majority of states resolve the issue differently.
- It failed to consider the attenuation of taint doctrine.

**No Waiver; Entry Confused with Search**

No doubt to the surprise of both parties, the Court concluded that the State waived any reliance on its search warrant. The Court found it "clear" that "even though appellees' [sic] argued that both the warrantless arrests and the search pursuant to the warrant were illegal, the State contended that the evidence should not be suppressed solely because the warrantless arrest and warrantless search were legal. The State, for whatever reason, choose [sic] not to rely upon the search warrant."[1]

The State rightly contests these conclusions in its motion for rehearing. Setting out a detailed summary of the record, it contends that the Court's opinion misunderstands the prosecutor's comments. The State explains that there were two separate issues—the entry into the house and the search for evidence—and the Court took the prosecutor's statements regarding the entry into the house as governing the prosecutor's argument regarding the search for evidence. The State is correct.

During arguments, the judge asked the prosecutor, "Do you have some cases that say if they go up to a house and they smell marijuana, they can go in and arrest the people and search?" The prosecutor responded by arguing that probable cause was present. He stated that this Court has held that "when a police officer smells marijuana probable cause exists to search for that marijuana." In this exchange, the judge and the prosecutor were talking about two different things entirely. While the judge was concerned with whether the entry into the home was permissible, the prosecutor argued continuously that the search was supported by probable cause.

1. *Court's opinion on original submission, 93* S.W.3d 102, 105 (italics deleted).

The confusion continued. The judge asked if the prosecutor had a case "that says they knock on a door of a house and they can go in uninvited if they smell marijuana burning?" The prosecutor responded by discussing *McNairy v. State*[2] and arguing that the officers had probable cause at the time of the search. Again, the judge was discussing the home entry while the prosecutor was discussing the search.

The judge then asked the prosecutor, "You're proceeding under [the] search warrant here, aren't you?" And the prosecutor responded, "No, sir, this is a warrantless search." He added, "We're just talking about entry into your home, Your Honor." At this point, the two minds met. The judge was discussing the entry into the home, and so was the prosecutor. The prosecutor's use of the word "search" was unfortunate, because the entry into the home was not a search, but a seizure. Nevertheless, both of them at least understood that the entry into the home was a distinct occurrence from the search. The home entry was "warrantless" while the search was pursuant to a warrant.

The prosecutor continued by arguing that, under *McNairy*, a "warrantless entry is viewed as reasonable by the officer." Once again, the prosecutor is discussing the entry into the home. He is by no means stating that the search itself was without a warrant. This is made clear later on, when the conversation returns to the search itself. The prosecutor states:

> They go inside the residence, secure the residence, make the arrest, ask for consent, do not get it, then make application for a search warrant. The affidavit speaks for itself. The officer, again, presents his probable cause to believe that marijuana was there. He says he smelled it and I forgot how many officers he put in his affidavit say that they smelled it there and the Justice of the Peace finds probable cause, signs the warrant and the warrant is executed and the evidence is seized. That's our basis for the search that was conducted.

In his findings, the judge found, among other things, that "[a] search warrant was issued at 11:40 p.m. and a search of the residence was subsequently performed.... Prior to the execution of the search warrant, none of the officers observed any marijuana or other contraband."

In the court of appeals, the State continued to rely on the search warrant. Steelman never argued that the State waived reliance on the warrant. As the appellate court recognized, "[t]he State argues that the subsequent search warrant attenuated any taint" from what the appellate court found to be an illegal home entry.[3] Obviously, the State did not waive any reliance on the search warrant.

And in its petition for discretionary review, the State argued that "[n]o search occurred until facts constituting probable cause were presented to a neutral magistrate, and a warrant was issued.... The officers acted in good faith reliance on the warrant issued on probable cause by the neutral magistrate."

So the State did not waive reliance on the search warrant—not in the trial court, not in the court of appeals, and not in this Court. By concluding that the State did so, the Court misrepresented the record.

The Court's decision also contradicted case law. When an appellate court finds error to be preserved, and that holding is

---

2. 835 S.W.2d 101 (Tex.Crim.App.1991).

3. *State v. Steelman*, 16 S.W.3d 483, 490 (Tex.App.Eastland 2000).

not challenged in this Court, we should "express no opinion" on that conclusion and instead address the issue before us.[4] This is because an argument that was not made to the court of appeals and did not form part of its decision is not properly before us.[5] Our job on discretionary review is to review the decisions of the courts of appeals. Since Steelman never argued that the State waived reliance on the search warrant, and the appellate court did not discuss any such waiver, the Court erred by concluding for the first time on discretionary review that the State waived this argument.

### Art. 14.05

The Court also concluded on original submission that the entry into the home was not permissible unless the arrest was made lawfully without a warrant.[6] In doing so, the Court misunderstood Art. 14.05.

Art. 14.05 addresses the rights of an officer when making a warrantless arrest. It states that if the arrest may be lawfully made without a warrant, the officer "is justified in adopting all the measures which he might adopt in cases of arrest under warrant, except that ... [he] may not enter a residence to make the arrest" unless there is consent or exigent circumstances.

This statute by its very terms applies only to situations in which an officer enters a home for the purpose of making a warrantless arrest. It does not apply when an officer enters a home to secure the residence.

The Supreme Court has held that entering a home in order to secure a residence is permissible. In *Segura v. United States*,[7] the Court recognized the distinction between an entry into a home—a "seizure" of the premises—and a search of the home. The Court stated that "the heightened protection we accord privacy interests is simply not implicated where a seizure of premises, not a search, is at issue. We hold, therefore, that securing a dwelling on the basis of probable cause, to prevent the destruction or removal of evidence while a search warrant is being sought is not itself an unreasonable seizure of either the dwelling or its contents."[8]

Art. 14.05 does not change or limit that concept. Entering a home to "prevent the destruction or removal of evidence while a search warrant is being sought" is permissible. And as I explained in my dissent on original submission, that is exactly what happened here.[9] Nothing in Art. 14.05 prohibits this or affects this case.

### Reliance on Unpersuasive Authority

The Court on original submission also relied on a single (subsequently overruled) lower appellate court case from another state [10] when the vast majority of states resolve the issue differently. As I explained in my dissent at that time, "there is a wealth of authority against the majori-

---

**4.** *Coleman v. State*, 966 S.W.2d 525, 527 n. 6 (Tex.Crim.App.1998).

**5.** *See Phillips v. State*, 992 S.W.2d 491, 495 n. 4 (Tex.Crim.App.1999).

**6.** *Court's opinion on original submission*, 93 S.W.3d at 106–07.

**7.** 468 U.S. 796, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984).

**8.** *Id.* at 810, 104 S.Ct. 3380.

**9.** *Dissent on original submission*, 93 S.W.3d at 109.

**10.** *Court's opinion on original submission*, 93 S.W.3d at 108 (*citing People v. Harshbarger*, 24 Ill.App.3d 335, 321 N.E.2d 138 (1974), *overruled sub silentio, People v. Stout*, 106

ty's approach," [11] including cases from Arkansas, Colorado, Florida, Iowa, Oregon, Pennsylvania, and Wisconsin.[12]

## Attenuation of Taint

Finally, the Court on original submission failed to consider the attenuation of taint doctrine, concluding instead that the State did not present this argument to the trial court and therefore could not rely on it.[13] But this conclusion is based on the belief that the State waived all reliance on the search warrant, which the record plainly refutes. Once we concede that the State did, in fact, base its search argument on the search warrant, the attenuation of taint doctrine becomes necessarily relevant. If the entry into the home was invalid (a proposition with which I disagree but which the Court contends), the State's argument that the search was permissible due to the warrant must be addressed in terms of whether the search warrant attenuated the taint from the illegal entry. The Court of Appeals recognized this and addressed attenuation [14] (though I disagree with its analysis). This Court should also address whether there was any attenuation.

## Conclusion

I refuse to believe that the Court, in its original opinion, deliberately misrepresented the law and the facts. I must therefore sadly conclude that, to paraphrase Justice Jackson, the Court chooses to be consciously wrong today because it was unconsciously wrong yesterday.[15]

The Court refuses to hear the State's argument, but it should do so. It should take this opportunity to correct a fundamentally flawed analysis on original submission. I dissent to the Court's denial of the State's motion for rehearing.

---

Ill.2d 77, 87 Ill.Dec. 521, 477 N.E.2d 498 (1985)).

11. *Dissent on original submission,* 93 S.W.3d at 116.

12. *See Brunson v. State,* 327 Ark. 567, 940 S.W.2d 440 (1997); *People v. Sutherland,* 683 P.2d 1192 (Colo.1984); *State v. Hernandez,* 706 So.2d 66 (Fla.Ct.App.1998); *State v. Horton,* 625 N.W.2d 362 (Iowa 2001); *State v. Jordan,* 36 Or.App. 45, 583 P.2d 1161 (1978),

*aff'd,* 288 Or. 391, 605 P.2d 646 (1980); *Commonwealth v. Chase,* 394 Pa.Super. 168, 575 A.2d 574 (1990); *State v. Mitchell,* 167 Wis.2d 672, 482 N.W.2d 364 (1992).

13. *Court's opinion on original submission,* slip op. at 7.

14. *Steelman,* 16 S.W.3d at 490.

15. *See Massachusetts v. United States,* 333 U.S. 611, 639–40, 68 S.Ct. 747, 92 L.Ed. 968 (Jackson, J., dissenting).